UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

"IN ADMIRALTY"

Case Number: 3:14-cv-715-J-39JRK

KfW, a German financial institution,

    Plaintiff,

vs.

M/V YORKTOWN, Official No. 928931, a 1988 218.8 ft. (68.38m) cruise ship, her engines, tackle, rigging, dinghies, equipment, and other appurtenances to the Vessel, *in rem*, and Explorer Maritime Cruises, LLC, a Delaware Limited Liability Company, *in personam*,

    Defendants.

_____/

## VERIFIED COMPLAINT FOR BREACH OF LOAN AGREEMENT AND TO FORECLOSE A PREFERRED SHIP MORTGAGE

Plaintiff, KfW, a German financial institution, by and through its undersigned attorneys, sues the M/V YORKTOWN, Official No. 928931, a 1988 218.8 ft. (68.28m) cruise ship, her engines, tackle, rigging, dinghies, equipment, and other appurtenances, etc. (the "Vessel"), *in rem*, and Explorer Maritime Cruises, LLC, a Delaware limited liability company ("EMC") (together with the Vessel, "the Defendants"), *in personam*, as follows:

### Nature of the Action

1. This is an action to foreclose a Preferred Ship Mortgage under 46 U.S.C. Section 31301 *et seq.*, and is within the admiralty and maritime jurisdiction of this Court, as contemplated by Rule 9 (h) of the Federal Rules of Civil Procedure. This Court has

subject matter jurisdiction pursuant 46 U.S.C. Section 31325 and 28 U.S.C. Sections 1333 and 1332.

2. This is also an action to enforce the Loan Agreement executed by the mortgagor, *in personam* Defendant EMC, in favor of Plaintiff KfW.

Venue is proper because the subject Vessel is now located in the Middle District of Florida.

**The Parties**

3. The *in rem* Defendant, the M/V YORKTOWN, Official No. 928931, a 1988 218.8 ft. cruise ship, is believed to be currently located in Reynolds Park Yacht Center, 1063 Bulkhead Rd., Green Cove Springs, FL 32043.

4. The *in personam* Defendant, EXPLORER MARITIME CRUISES, LLC, is a Delaware limited liability company with offices at 132 East 70th Street, New York, NY 10021.

5. Plaintiff, KfW, is a German financial institution with offices at Palmengartnerstr. 5-9, 60325 Frankfurt au Main, Germany.

**COUNT I – BREACH OF LOAN AGREEMENT**

Plaintiff sues EMC *in personam* and repeats and realleges by reference the allegations of paragraphs 1 through 5 and further alleges:

6. This is an action against EMC for money damages exclusive of attorney's fees, interest and costs.

7. On or about November 7, 2003, EMC entered into a loan agreement, whereby KfW financed EMC's purchase of M/S Orion.

8. For various structural reasons, EMC offered to exchange the original mortgaged vessel, the M/S Orion for the vessel M/V YORKTOWN.

9. Due to lag time between mortgaging the vessels, the original loan was prepaid in 2010.

10. On or around January 19, 2012, KfW agreed to reinstate the original loan agreement with the terms modified such that the loan would thereafter be secured by the M/V YORKTOWN, and EMC would receive a term loan in the principal amount of ten million United States dollars (USD $10,000.00), plus interest and finance charges. A copy of the Reinstated Loan Agreement (the "Loan Agreement") is attached hereto as **Exhibit 1**.

11. Pursuant to the Loan Agreement, EMC became obligated to pay KfW quarterly installments as specified therein.

12. EMC breached the Loan Agreement by failing to make the required payments and is therefore in default. EMC has not made the required payments since November 25, 2013.

13. Exercising its rights pursuant to the Loan Agreement, KfW formally demanded payment, accelerated the obligation, and declared the entire amount of indebtedness under the Loan Agreement to be immediately due and owing.

14. As a result of the default, Plaintiff was owed nine million five hundred seventy-six thousand three hundred thirty-three United States dollars and twenty-six cents (US $9,576,333.26) as of June 10, 2014, exclusive of attorney's fees and costs. Scheduled interest and default interest fees are accumulating daily as EMC remains in default.

15. KfW has retained the law firm of Moore & Company, P.A. to represent it in this action and has agreement to pay reasonable fees and costs for their services.

16. Plaintiff is entitled to recover its expenses incurred in connection with enforcing its rights under the Loan Agreement, including attorneys' fees and costs, by virtue of the terms and conditions of the Loan Agreement. *See* Section 9.2 of the Loan Agreement, **Exhibit 1**.

**WHEREFORE**, KfW requests that this Court enter judgment against *in personam* Defendant Explorer Maritime Cruises, LLC for the total amount due under the Loan Agreement, including interest, late charges, attorney's fees, costs of sale, and costs of holding the collateral, and for such other relief as this Court deems just and proper.

### COUNT II - FORECLOSURE OF PREFERRED SHIP MORTGAGE

KfW additionally sues the Vessel, *in rem*, and repeats and realleges by reference the allegations contained in paragraphs 1-5 as if specifically set forth herein.

17. On or about November 7, 2003, EMC entered into the Loan Agreement for the principal amount of ten million United States dollars (US $10,000.00), whereby EMC became obligated to pay Plaintiff quarterly installments as specified therein. See Loan Agreement, **Exhibit 1.**

18. The Loan Agreement is secured by a Preferred Ship Mortgage on the Vessel ("the Mortgage") in favor of KfW, which was duly and validly executed by George Papagapitos as manager of EMC on May 14, 2012. A copy of the Preferred Ship Mortgage is attached hereto as **Exhibit 2.**

19. Defendant EMC defaulted on the Loan Agreement by failing to make its quarterly installment payments since November 25, 2013.

20. As a result of the default, Plaintiff is owed nine million five hundred seventy-six thousand three hundred thirty-three United States dollars and twenty-six cents (US $9,576,333.26) as of June 10, 2014, exclusive of attorney's fees and costs.

21. Defendant EMC's default under the terms of the Preferred Ship Mortgage entitles KfW to enforce its maritime lien against the Vessel.

22. Plaintiff KfW has performed all conditions necessary prior to the filing of this action.

23. Because of Defendant EMC's default in complying with the obligations of the Mortgage, it has become necessary for the Plaintiff to engage the services of Moore & Company, P.A. for enforcement of the Mortgage lien.

24. Plaintiff is entitled to recover its expenses incurred in connection with enforcing its rights under the Mortgage, including attorneys' fees and costs, by virtue of the terms and conditions of the Mortgage, which state that all such expenses shall be reimbursed from the proceeds from the sale of the Vessel before the remaining balance is applied to the principle of the loan. *See* Section 8 of the Mortgage, **Exhibit 2**.

WHEREFORE, KfW prays:

A. That process in due form of law according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction be issued against the Vessel;

B. That this Court foreclose Plaintiff KfW's mortgage lien against the Vessel in the amount due under the provisions of the Mortgage described above, including interest, costs, expenses and attorneys' fees;

C. That the Vessel be condemned and sold to satisfy the lien of the Plaintiff, in whole or in part, with interest, costs, late fees, expenses and attorneys' fees; and

D.    That Plaintiff KfW have such other and further relief as law and justice may require.

Dated: June 20, 2014

Respectfully submitted,

/s/ **Blair Brogan**
Michael T. Moore, Esq.
Florida Bar No.: 207845
Michael@moore-and-co.com
Clay Naughton, Esq.
Florida Bar No. 29301
cnaughton@moore-and-co.com
Blair Brogan, Esq.
Florida Bar No.: 95029
bbrogan@moore-and-co.com
**MOORE & COMPANY, P.A.**
355 Alhambra Circle
Suite 1100
Coral Gables, Florida 33134
Telephone:   (786) 221-0600
Facsimile:   (786) 221-0601

## VERIFICATION

Blair Brogan, being duly sworn, deposes and says:

1. I am the attorney for KfW, Plaintiff herein, and this AFFIDAVIT is made in that capacity.

2. I have discussed the foregoing Verified Complaint with my client who is only available by telephone and he has confirmed that the contents and allegations of the Verified Complaint are true, except as to those matters therein stated upon information and belief.

3. In view of exigent circumstances I make this Verification because my client is unable to execute the verification verifying the matters stated in the Verified Complaint.

4. The sources of my information and the grounds of my belief as to all matters stated in the Verified Complaint are based on the advice of my client.

_____
Blair Brogan, Esquire

STATE OF FLORIDA      )
                      )ss.
COUNTY OF MIAMI-DADE  )

The foregoing instrument was acknowledged before me this 18th day of June 2014, by Blair Brogan who is personally known to me and who did take an oath.

_____
Notary Public, State of Florida   Josee M. Chin

[Notary seal: JOSEE M. CHIN, Notary Public - State of Florida, My Comm. Expires May 19, 2018, Commission # FF 111660]